B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Michael Gigandet<br>Trustee | **DEFENDANTS**<br>Harley Davidson Financial |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Law Office of Michael Gigandet<br>208 Centre St    615-746-4949<br>Pleasant View, TN 37146 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**TRUSTEE'S ADVERSARY PROCEEDING TO SELL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTEREST**

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR Erik & Jamie Hines | BANKRUPTCY CASE NO. 12-03066-KC3-7 ||
| DISTRICT IN WHICH CASE IS PENDING Middle | DIVISION OFFICE Nashville | NAME OF JUDGE Lundin |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE 10-17-12 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) /s/ Michael Gigandet ||

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In RE: ) | |
| ERIK HINES ) | CASE NO. 12-03066-KL3-7 |
| JAMIE HINES ) | |
|     DEBTORS ) | CHAPTER 7 |
| ) | JUDGE KEITH LUNDIN |
| MICHAEL GIGANDET, TRUSTEE ) | |
|     PLAINTIFF. ) | |
| ) | |
| vs. ) | Adversary No. |
| HARLEY DAVIDSON FINANCIAL ) | |
| ) | |
|     DEFENDANT. ) | |

### TRUSTEE'S ADVERSARY PROCEEDING TO SELL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTEREST

Comes now Michael Gigandet, the duly appointed Chapter 7 Trustee and would show to the court the following:

1) The debtor(s) filed a petition under Chapter 7 of the bankruptcy code on Mar 30, 2012.

2) The debtor is the owner of a 2010 Harley Softrail.

3.) The trustee is informed and believes that Harley Davidson Financial asserts a lien against this property, which the trustee proposes to sell, to secure certain indebtedness of the debtor to the alleged secured creditor.

4) A good faith dispute exists concerning the validity of the secured creditor's lien because of defendant's failure to provide evidence of its claim and perfected lien as required by Rule 3001-1 of the Local Rules of Court for the U.S. Bankruptcy Court for the Middle District of Tennessee. The trustee notified the defendant in writing of the requirement to file its claim and/or provide proof of its perfected security interest on July 11, 2012. A second notice was sent by e-mail on September 6, 2012 to an attorney who

has represented the defendant in other cases.  The defendant has ignored the trustee's requests.

5)    Creditor's continued failure to comply with the Local Rules has caused considerable delay and unnecessary expense to the trustee as well as the U.S. Bankruptcy Court Clerk and the U.S. Bankruptcy Court.

6)    The debtor values the allegedly secured property at $7,500.

7)    In the alternative, the trustee seeks a judgment from the defendant for the value of the allegedly secured property pursuant to 11 U.S.C. Section 550.

WHEREFORE, the trustee prays for an order allowing a sale free and clear of creditor's alleged lien or, in the alternative, a judgment in the amount of the value of the allegedly secured asset; for the costs of this cause including reasonable attorney fees, for the costs of execution of judgment including, but not limited to the costs assessed by the U.S. Marshal, for all other expenses and for such other and further relief as is just.

Respectfully submitted,

**LAW OFFICE OF MICHAEL GIGANDET**
**/s/ Michael Gigandet**

———————————————
Michael Gigandet, Trustee #011498
208 Centre Street
Pleasant View, TN 37146
Phone: (615) 746-4949
Fax:  (615) 746-4950
Mgigandet@mgigandetlaw.com

cc:  U. S. Trustee